**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Kenneth Charles MCNEIL,
Defendant—Appellant.**

No. 04–10379.
D.C. No. CR–02–00547–ALA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 12, 2005.

Decided July 22, 2005.

Marshall H. Silverberg, U.S. Atty., Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Peter Van Name Esser, Peterson & Esser, Honolulu, HI, for Defendant–Appellant.

Before D.W. NELSON, KOZINSKI, and CALLAHAN, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts

## MEMORANDUM *

■ **1.** Even if the district court erred in admitting the name of a website, "Boylove.com," on the favorites list of defendant's personal computer, we may reverse only if the error "more likely than not affected the verdict." *United States v. Pang,* 362 F.3d 1187, 1192 (9th Cir.2004) (citation and internal quotation marks omitted). Admission of this testimony did not affect the verdict as the website's name was separately admitted into evidence and McNeil does not challenge this admission.

■ **2.** As McNeil did not object to the admission of the parents' testimony at trial that the knowledge of this website made them concerned McNeil might be a pedophile, we review for plain error. *See United States v. Tisor,* 96 F.3d 370, 376 (9th Cir.1996). The admission of this testimony was not error. The testimony was relevant to show intent to violate the protection order. *See* Fed.R.Evid. 401, 402. The district court's limiting instruction reduced any concern that the probative value of the evidence was "substantially outweighed by the danger of unfair prejudice" or confusion. Fed.R.Evid. 403; *see also United States v. Rubio–Villareal,* 927 F.2d 1495, 1503 (9th Cir.1991).

■ **3.** We need not reach whether the district court abused its discretion in admitting evidence of defendant's relationship with another minor under Rule 404(b) because it is not more likely than not that the admission affected the verdict. *See Pang,* 362 F.3d at 1192. McNeil admitted to the relevant portions of the testimony in an email that was introduced as evidence, and during his cross-examination.

of this circuit except as provided by Ninth Circuit Rule 36–3.

■ 4. McNeil argues that the district court improperly found facts necessary to establish that sentence enhancements for victim restraint, victim vulnerability, and violation of a protection order could be applied. *See United States v. Booker*, ⸺ U.S. ⸺, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). McNeil did not raise this Sixth Amendment objection before the district court. Therefore, according to *United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc), a limited remand is required to allow the district court to determine "whether the sentence imposed would have been materially different had the district court known that the [federal sentencing] [g]uidelines were advisory." *Id.*

■ 5. Lastly, the district court did not err by refusing to grant McNeil a downward departure based on diminished mental capacity. As it appears from the record that the district court understood that it had the authority to depart downward on this basis but elected not to depart as a matter of discretion, we lack jurisdiction to review this denial. *See United States v. Smith*, 387 F.3d 826, 832–33 (9th Cir.2004).

McNeil's conviction is AFFIRMED. As to McNeil's sentencing challenges, we RE-MAND for proceedings consistent with this disposition.